Not For Publication

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____

DAWN VIVARITAS              :        Civil Action No. 05-4600 (FSH)
      Plaintiff,              :
                 :        **OPINION**
vs.              :
                 :
JO ANNE B. BARNHART              :        August 10, 2006
COMMISSIONER OF SOCIAL              :
SECURITY,              :
      Defendant.              :
_____ :

**HOCHBERG, District Judge:**

      This matter comes before the Court upon Plaintiff Dawn Vivaritas' petition to review a final determination of the Commissioner of Health and Human Services, pursuant to Section 405(g) of the Social Security Act. 42 U.S.C. § 405(g). The petition has been decided upon the written submissions of the parties pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, the Court will affirm the Commissioner's denial of benefits.

**I. Background.**

      On November 5, 2002 Plaintiff Dawn Vivaritas applied for Supplemental Security Income ("SSI") and completed a Disability Report in which she stated that she suffered from migraines and asthma. After Plaintiff's claim was denied both initially and on reconsideration, she requested to have her claim reviewed by an Administrative Law Judge ("ALJ"). Plaintiff testified at a hearing before the ALJ on July 15, 2004.

      Ms. Vivaritas appeared at the hearing unrepresented. The ALJ explained to her the advantages of having representation and the possibility of obtaining representation at no charge. The ALJ presented Ms. Vivaritas with the choice of either postponing the hearing until she

obtained representation, or continuing with the proceeding that day.  Ms. Vivaritas chose to continue.

At the hearing, the ALJ scheduled a consultative examination for Ms. Vivaritas with Dr. Anthony Candela to supplement the record.  The record contains a report of the October 17, 2004 examination by Dr. Candela which included a mental status evaluation and intelligence testing. The record also contains a January 27, 2003 report of Dr. Alexander Hoffman's consultative examination of Ms. Vivaritas.  In addition, there is a residual functional capacity assessment by Medical Consultants from the New Jersey Disability Determination Service.

In her decision, the ALJ determined that Ms. Vivaritas is not disabled and that she could perform her past relevant work as a teacher's aide.  Plaintiff brings this action to challenge the ALJ's findings.

## II. <u>Standard for Finding Disability.</u>

An individual may be entitled to Social Security Benefits upon a finding of disability demonstrating an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).  A disabling impairment is defined as "an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3) and 1382c(a)(3)(D).  An individual will be deemed to be disabled only if the impairment is so severe that the individual is not only unable to perform previous work, but cannot "engage in any other kind of substantial gainful work which exists in the national

economy," considering her "age, education, and work experience.  42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner uses the following five-step analysis to determine whether an individual is disabled:

Substantial Gainful Activity:  The Commissioner first considers whether the individual is currently engaged in substantial gainful activity.  If there is such activity, the individual will be found not disabled without consideration of her medical condition.  20 C.F.R.§§ 404.1520(a) and 416.920(a).

Severe Impairment:  If there is no substantial gainful activity, the plaintiff must then demonstrate a severe impairment or combination of impairments that significantly limits the plaintiff's ability to perform basic work activities.  20 C.F.R. §§ 404.1520(c) and 416.920(c).

Listed Impairment:  If the plaintiff demonstrates a severe impairment, the Commissioner will then determine whether the impairment is listed in the regulations set forth in 20 C.F.R. Part 404, Subpt. P or is equal to a Listed Impairment.  If the individual has such an Impairment, the Commissioner will find the individual disabled.

Residual Functional Capacity:  If the individual does not have a listed impairment, the fourth step is to determine whether, despite the impairment, the individual has the residual functional capacity to perform past relevant work.  If the individual does have the capacity to perform past work, there will not be a finding of disability. 20 C.F.R. §§ 404.1520(e) and 416.920(e).

Other Work: Finally, if the individual is unable to perform work done in the past, the Commissioner then considers the individual's residual functional capacity, age, education and

past work experience to determine the capacity to perform any other work.  If the individual cannot perform other work, there will be a finding of disability.  20 C.F.R. §§ 404.1520(f) and 416.920(f).

The five-step analysis to determine whether an individual is disabled involves shifting burdens of proof.  Wallace v. Sec. of Health and Human Srvcs, 722 F.2d 1150, 1153 (3d Cir. 1983).  The claimant bears the burden of persuasion through the first four steps; however, if the analysis reaches the fifth step, the Commissioner bears the burden of proving that the individual is capable of performing gainful employment other than the claimant's past relevant work. Bowen v. Yuckert, 482 U.S. 137, 146 (1987).  If there is a finding of disability or non-disability at any point during the review, the Commissioner will not review the claim further. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

## III. Standard of Review for Disability Benefits.

In accordance with 42 U.S.C. § 405(g), this Court must review the factual findings of the ALJ to determine whether the administrative record contains substantial evidence for such findings.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).  A decision concerning disability benefits must be upheld by the Court if an examination of the record reveals substantial evidence supporting the ALJ's conclusion.  42 U.S.C. § 405(g).  Substantial evidence is more than a mere scintilla, "[i]t means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Con. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  "The ALJ's responsibility is to analyze all the evidence and to provide adequate explanations when disregarding portions of it."  Snee v. Sec. of Health and Human Srvcs., 660 F. Supp. 736, 739 (D.N.J. 1987) (citing Cotter v. Harris,

-4-

642 F.2d 700, 705 (3d Cir. 1981); Dobrowolsky v. Califano, 606 F.2d 403, 409 (3d Cir. 1979);

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978).

## IV. Analysis.

Ms. Vivaritas claims that the ALJ's decision should be reversed, or else remanded,

because she purports that (a) Plaintiff's waiver of counsel was not intelligent and knowing; (b)

the ALJ's determination regarding Plaintiff's residual functional capacity ("RFC") did not

include a "function-by-function" analysis; and (c) the ALJ did not compare Plaintiff's RFC to her

past work as a teacher's aide.

### A. Plaintiff's Waiver of Counsel does not Require a Remand

Even assuming that Ms. Vivaritas' waiver of representation at her hearing might not have

been intelligent and knowing, the Court finds this error did not prejudice the Plaintiff and

therefore does not warrant remand.  A two-part test is used to determine whether remand is

necessary in cases where a plaintiff waived her right to counsel at a hearing before an ALJ.  See

Vance v.  Heckler, 579 F.Supp. 318, 321 (N.D. Ill. 1984).  At part one, the Court must determine

whether the plaintiff's waiver was intelligent and knowing.  Id.  A waiver is intelligent and

knowing if the ALJ explains to the claimant (1)"the valuable role that an attorney could play in

the proceedings;" (2) "the possibility of free counsel;" and (3) "the limitations on attorneys' fees

to 25 percent of any eventual awards." Id., (citing Smith v. Schweiker, 677 F.2d 826, 829 (11th

Cir. 1982)).  If the Court finds that the waiver was not intelligent and knowing, then the Court

must determine at part two if the lack of representation at the hearing resulted in "prejudice or

unfairness to the claimant."  Id. at 322, (citing Smith v. Secretary of HEW, 587 F.2d 857, 860

(7th Cir. 1978)).  Prejudice to the claimant can be shown if the ALJ did not "scrupulously probe

into, inquire of and explore for all relevant facts" such that the record was not fully and fairly developed.  Id.  Therefore, to warrant a remand, a plaintiff must show that her waiver of representation was not knowing or intelligent and that the lack of representation caused the plaintiff prejudice or unfairness.

Plaintiff correctly claims that the waiver fails at part one of the test because the ALJ never explained to her that she could obtain an attorney on a contingency fee basis.[1]  Since obtaining a lawyer on a contingency is different from obtaining a lawyer that does not charge money, this Court agrees with Plaintiff that her waiver of counsel was not knowing.

At part two, Plaintiff reasons that her absence of representation resulted in prejudice because Plaintiffs' lack of knowledge regarding social security law prevented her from adequately reviewing Dr. Candela's report.  Plaintiff claims that a lawyer would have been more capable of reading the report and forwarding a recommendation to the ALJ that the report proved Plaintiff met the Listings.  Such a recommendation, Plaintiff argues, would have affected the ALJ's decision.

However, Plaintiff fails to note that the report was offered to her for review, presumably for accuracy.  Knowledge of social security law is not relevant to performing a review of a doctor's report.  There is no reason to believe that a lawyer, who was not present during Dr. Candela's examination of the Plaintiff, would have been more apt to review Dr. Candela's report than Plaintiff herself, who obviously was present at the examination.

Further, even if this Court were to accept the premise that a lawyer would have been

---

[1]Although the ALJ did not explain the meaning of a contingency arrangement, she did indicate that "representatives that do not charge any money" could be available to Plaintiff, and Plaintiff acknowledges that the ALJ explained to her the value of having representation throughout the hearing process.

better able to comment on Dr. Candela's report than Plaintiff herself, there is no evidence tending to show that this would have affected the ALJ's decision.  Plaintiff seems to argue that her lack of representation allowed the ALJ to disregard Dr. Candela's finding regarding Plaintiff's full scale IQ without providing any factual basis for so doing.[2]  See Cotter v. Harris, 642 F.2d 700, 705 (3rd Cir. 1981) ("an examiner's findings ... should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may known the basis for the decision").  However, Plaintiff fails to note that the ALJ does give a factual basis for disregarding a section of Dr. Candela's report.[3] Therefore, this Court does not find that because Plaintiff did not have a lawyer review Dr. Candela's report, the ALJ exhibited any prejudice or unfairness towards the Plaintiff.  Consequently, Plaintiff's improper waiver of counsel does not require a remand.

**B. Plaintiff's Residual Functional Capacity Assessment Included a Function-By-Function Analysis**

Plaintiff complains that the ALJ's determination regarding her residual functional capacity was flawed because the ALJ did not perform a "function-by-function" analysis of her limitations.  In assessing a claimant's RFC, the Social Security Administration's regulations state that the ALJ is to consider a claimant's physical, mental, and other abilities affected by a claimant's impairments.  See 20 C.F.R. §§ 416.945(a)(4) and 416.945(b-d).

---

[2]Plaintiff posits that if the ALJ accepted Dr. Candela's finding regarding Plaintiff's IQ, Plaintiff would have satisfied the requirements of Listing 12.05C, and thus would have been found to be disabled at step three.

[3]The ALJ gives three reasons why he chose to reject Dr. Candela's IQ finding: (1) Plaintiff's vocational background indicates that she is capable of performing at least simple, repetitive work; (2) the record shows that she can travel independently by bus; and (3) Dr. Candela opined that she is capable of managing her own benefits.  (R.  at 19).

This Court finds that the ALJ's RFC assessment did include a "function-by-function" analysis.  The ALJ notes in her decision that her RFC assessment is based on the report of Medical Consultants at the New Jersey Disability Determination Services.  This report includes an assessment of Plaintiff's physical, mental, and other abilities.  Further, the ALJ notes that Plaintiff failed to attend an additional consultative examination.  As per Plaintiff's physical limitations, Plaintiff does not point to any additional evidence in the record, not addressed by the ALJ, that would contradict her finding.  As for Plaintiff's mental abilities, the ALJ addresses Dr. Candela's report, and then provides her rationale for rejecting part of it.  See Cotter, 642 F.2d at 705 ("we need from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected.").  Finally, the ALJ considered Plaintiff's other abilities, noting specifically that Plaintiff's "respiratory impairment limits her ability to deal with concentrated exposure to cold, heat, wetness, humidity, fumes, and hazards."  (R.  at 21).  Therefore, this Court finds that there is substantial evidence in the record to support the ALJ's assessment of Plaintiff's RFC.

### C. The ALJ did not Err at Step Four

Plaintiff also contends that the ALJ erred at step four by not comparing Plaintiff's RFC to her past work as a teacher's aid.  However, as Defendant notes in her brief, an ALJ is only required to assess whether a claimant retains any residual functional capacity to perform "[t]he functional demands and job duties of the occupation as generally required by employers throughout the national economy." S.S.R. 82-61.

Here, the ALJ determined that based on Plaintiff's RFC, she can return to work as a teacher's aide, as defined in the Dictionary of Occupational Titles.  The ALJ's RFC assessment,

which was based on the report of Medical Consultants at the New Jersey Disability

Determination Services,  included a finding that Plaintiff "is capable of occasionally lifting 20

pounds, and frequently lifting 10 pounds, and sitting, standing and/or walking for up to six hours

in an 8-hour workday." The Dictionary provides that a Teacher's Aide's responsibilities include

taking attendance, grading homework using answer sheets, distributing materials, maintaining

order on school grounds, operating learning aids, typing and copying.  § 249-367-074.  Based on

these requirements and the Plaintiff's RFC, the Court finds that the record contains substantial

evidence to support the ALJ's finding that Plaintiff maintains enough residual functional capacity

to work as a teacher's aide.

## V.  Conclusion.

For the aforementioned reasons, and after a careful review of the record, the Court finds

substantial evidence to support the ALJ's decision to deny Plaintiff Social Security Benefits.  The

ALJ carefully considered the record, including Plaintiff's testimony, and there is substantial

evidence in support of the ALJ's decision that none of Plaintiff's impairments meet or equal in

severity any of the Listed Impairments and that Plaintiff has the residual functional capacity to

perform her past relevant work as a teacher's aide.[4]  Accordingly, this Court will affirm her

decision to deny Plaintiff Social Security Benefits.

/s/Faith S. Hochberg
Hon.  Faith S.  Hochberg, U.S.D.J.

---

[4]The ALJ determined that Ms. Vivaritas was not disabled at step four because she could
return to past relevant work, and therefore the ALJ did not have to continue to step five.
However, in her decision, the ALJ chose to discuss what her determination would have been at
step five had she determined at step four that Plaintiff could not return to past relevant work.
Since this Court finds that the ALJ's determination at step four is supported by substantial
evidence, it chooses not to address Plaintiff's claim that the ALJ erred in her analysis at step five.